

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBERT J. TIPPIT,                    )
                                     )
            Plaintiff,               )        3:07-cv-0520-BES-RAM
                                     )
vs.                                  )
                                     )        **ORDER**
R. BRUCE BANNISTER, et al.,          )
                                     )
            Defendants.              )
_____/

        Before the Court are Defendants' Notice of Removal (Docket #1), Plaintiff's Pro Se Civil

Rights Complaint (Docket #1), Defendants' Motion for Screening (Docket #3), Defendants'

Motion for an Enlargement of Time (Docket #4), Defendants' Statement of Removal (Docket

#5), and Defendants' Removal Status Report (Docket #6).

**I.      Removal of this Action was Proper**

        Plaintiff, a Nevada Prisoner, filed a *pro se* civil rights complaint on August 28, 2007, in

the First Judicial District Court of the State of Nevada in the County of Carson City.

Defendants were served on October 1, 2007.  Defendants filed a Notice of Removal in this

Court on October 31, 2007.  (Docket #1).  "The district courts shall have original jurisdiction

of all civil actions under the Constitution, laws, or treaties of the United States."  28 U.S.C. §

1331.  Plaintiff has alleged a violation of his rights under the U.S. Constitution.  Defendants

appropriately removed the action to this Court pursuant to 28 U.S.C. § 1441, as this Court has

original jurisdiction over the claims raised in the complaint.

## II. Screening of the Complaint

### A. Screening Standard

The complaint must be screened pursuant to 28 U.S.C. §1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1), (2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America,* 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker,* 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the

2

1  plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro*
2  *se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.
3  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)
4  (*per curiam*).

5      All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if
6  the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based
7  on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from
8  suit or claims of infringement of a legal interest which clearly does not exist), as well as claims
9  based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v.*
10 *Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th
11 Cir. 1991).

12      **B.    Complaint in the Instant Action**

13      In the complaint, plaintiff alleges that prison staff have wrongfully charged him for
14 receiving medical care in the prison infirmary. The U.S. Constitution provides generally that
15 institutions are required to provide medical care for those incarcerated within their walls.
16 There is nothing in the Constitution, however, that prevents the institution from demanding that
17 inmates that can pay for their medical care, do in fact pay for their medical care. *Martin v.*
18 *DeBryun*, 880 F. Supp. 610, 614 (N.D.Ind. 1995)(*citing Estelle v. Gamble*, 429 U.S. 97, 103-04
19 (1976)). If the plaintiff's allegations were that he was denied medical care because he could
20 not pay his facts would state a claim. Plaintiff alleges no denial of medical care, and he fails
21 to state a claim.

22      Moreover, to the extent that plaintiff has attempted to sue defendants Medical Director
23 Bannister and Chief of Inmate Services Peralta, under a theory of supervisory liability, plaintiff
24 has not alleged sufficient facts to state a claim. Supervisory personnel are generally not liable
25 under § 1983 for the actions of their employees under a theory of *respondeat superior* and,
26 therefore, when a named defendant holds a supervisory position, the causal link between him

3

1  and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607

2  F.2d 858, 862 (9th Cir. 1979);  *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert.*

3  *denied*, 442 U.S. 941 (1979).   Plaintiff must allege facts indicating that supervisory a

4  defendant either: personally participated in the alleged deprivation of constitutional rights;

5  knew of the violations and failed to act to prevent them; or promulgated or implemented a

6  policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the

7  moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.

8  1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff has failed to allege any

9  facts to state a claim for an underlying constitutional violation or for supervisorial liability,

10  therefore, the complaint will be dismissed.  Because amendment would be futile, no leave to

11  dismiss will be granted.

12  **III.    Conclusion**

13         **IT IS THEREFORE ORDERED** that defendants' Motion for Screening (Docket #3) is

14  **GRANTED**.

15         **IT IS FURTHER ORDERED** that defendants' Motion for Enlargement of Time to File

16  an Answer (Docket #4) is **GRANTED.**

17         **IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** with prejudice for

18  failure to state a claim.

19         **IT IS FURTHER ORDERED** that because plaintiff's complaint fails to state a claim and

20  cannot be cured by amendment, the action is **DISMISSED with prejudice in its entirety**.  The

21  Clerk of Court shall enter judgment accordingly.

22         Dated this 3rd day of April, 2008.

23

24

25

26                                                        _____
                                                         UNITED STATES DISTRICT JUDGE

4